1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Marilyn Raia, SBN 072320
E-Mail: marilyn.raia@bullivant.com
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California  94108
Telephone: 415.352.2700
Facsimile: 415.352.2701

Attorneys for Cross-Defendant
GENE BUCHHOLZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of LONNIE EVERETT OWEN, Sr., an individual, as owner of the 2009 SKEETER ZX250, for exoneration from or limitation of liability,<br><br>Plaintiff in Limitation,<br><br>CLAIMS IN LIMITATION<br><br>RICHARD HEDRICK, JONATHAN HEDRICK (minor), KATHLEEN HEDRICK, CHARLES McDERMOTT, COLETTE McDERMOTT, MARY McDERMOTT (minor), JASON McEWAN, SABRINA MOSS,<br><br>Cross-Plaintiffs,<br><br>vs.<br><br>WESTERN OUTDOOR NEWS, INDIVIDUALLY AND D.B.A. WON BASS, GENE BUCHHOLZ, SNAG PROOF MANUFACTURING, INC., RUSSO'S MARINA, INC.,<br><br>Cross-Defendants. | Case No.: 2:11-CV-00196-JAM-GGH<br><br>**ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF CROSS-DEFENDANT GENE BUCHHOLZ** |

///

///

///

(PROPOSED) ORDER GRANTING SUMMARY JUDGMENT IF FAVOR OF CROSS-DEFENDANT GENE BUCHHOLZ

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Cross-defendant Gene Buchholz's motion for summary judgment was heard on February 20, 2013.  Marilyn Raia of Bullivant Houser Bailey appeared for moving party, Gene Buchholz. Arnold I. Berschler of The Law Offices of Arnold Berschler appeared for responding parties Cross-plaintiffs Richard Hedrick, Kathleen Hedrick, Jonathon Hedrick through his guardian ad litem Richard Hedrick, Charles McDermott, Collette McDermott, Mary McDermott, Jason McEwan and Sabrina Moss.

The Court finds as follows:

1.  The Court has jurisdiction over the matter under 28 U.S.C. §1333 because it is an admiralty case.  When deciding an admiralty case, the court may rely on federal statutory and case law, as well as state law to the extent state law is not in conflict with federal maritime law.

2.  The objections to the Declaration of Arnold I. Berschler and Exhibit 1 thereto on hearsay grounds are sustained.  No exception under the Federal Rules of Evidence applies.

3.  This action arises out of a collision between a vessel operated by petitioner Lonnie Owen and a vessel operated by cross-plaintiff Charles McDermott and in which the other cross-plaintiffs were passengers.  The collision occurred on August 1, 2009. At the time of the collision, Lonnie Owen was participating in a bass fishing tournament sponsored by cross-defendant Snag Proof Manufacturing, Inc.  Cross-defendant Gene Buchholz was the starter of the tournament and less involved in the tournament than Snag Proof.

4.  There is no dispute as to any material fact.  Cross plaintiffs expressly admitted sixteen of the twenty facts in the separate statement of undisputed facts filed by Gene Buchholz in support of his motion for summary judgment.  The remaining four of the twenty facts are labeled "denied" but contradictory evidence was not cited as the basis for denial of the facts.

5.  Cross-plaintiffs' action against Mr. Buchholz is for negligence.  To sustain a claim for negligence, cross-plaintiffs must establish the existence of a duty, breach of the

(PROPOSED) ORDER GRANTING SUMMARY JUDGMENT IF FAVOR OF CROSS-DEFENDANT GENE BUCHHOLZ

PDF created with pdfFactory trial version www.pdffactory.com

1    duty, causation, and damages. *McMahon v. Pier 30 Ltd. Partnership*, 2003 WL

2    22939233 *4 (N.D. Ca. 2003).

3    6.  Cross-plaintiff's allegations against Mr. Buchholz are in the nature of non-feasance.

4        Under those circumstances, to establish that Mr. Buchholz had a duty to act, cross-

5        plaintiffs had to establish there was a statute creating such a duty to act or a special

6        relationship between the parties that created a duty. *McMahon v. Pier 39 Ltd.*

7        *Partnership, supra.*  Cross-plaintiffs did not submit any evidence establishing Mr.

8        Buchholz had any power or control over the participants in the fishing tournament or

9        any evidence showing he had a special relationship with any of the parties.  For that

10       reason, as a matter of law, Mr. Buchholz did not owe a duty to cross-plaintiffs.

11   7.  Because the Court holds Mr. Buchholz did not owe a duty to cross-plaintiffs, it does

12       not need to reach the issue of foreseeability.  Nonetheless, the court finds there was

13       no evidence establishing the collision was foreseeable to Mr. Buchholz.  The

14       undisputed evidence establishes Mr. Buchholz was not aware of any collisions

15       occurring in tournaments he had participated in or sponsored.

16   8.   Because the Court holds Mr. Buchholz did not owe a duty to cross plaintiffs, it does

17       not need to reach the issue of proximate cause.  Nonetheless, the court finds *Horn v.*

18       92 F.3d 609 (8th Cir.1996) instructive and worthy of comment on the issue.  Like the

19       plaintiff in *Horn*, cross-plaintiffs did not establish a causal connection between the

20       speed of the boat that collided with theirs and the breach of any duty allegedly owed

21       by Mr. Buchholz.  They did not offer any admissible evidence that Mr. Owen's

22       speed on the day of the collision was related to the absence of any safety meeting or

23       instructions. To the contrary, Mr. Owen testified he did not operate his boat faster

24       during the subject tournament than on other days.

25   9.  Because cross-plaintiffs' negligence claim against Mr. Buchholz fails in the absence

26       of any duty owed, their claim for punitive damages fails.

27   ///

28

(PROPOSED) ORDER GRANTING SUMMARY JUDGMENT IF FAVOR OF CROSS-DEFENDANT GENE

PDF created with pdfFactory trial version www.pdffactory.com

1    For the reasons set forth above, the court GRANTS the motion for summary judgment

2    filed by Gene Buchholz.

3    Dated: 3/5/2013                          /s/ John A. Mendez_____
                                              John A. Mendez
4                                             United States District Court Judge

5

6    Approved as to form:

7    _____

8    Arnold I. Berschler
     Attorney for Cross-plaintiff

9

10

11

12   14036262.1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(PROPOSED) ORDER GRANTING SUMMARY JUDGMENT IF FAVOR OF CROSS-DEFENDANT GENE

PDF created with pdfFactory trial version www.pdffactory.com