GIGI M. KNUDTSON (SBN 114993)
MELISSA L. MCDONALD (SBN 202714)
**KNUDTSON & NUTTER LLP**
Attorneys at Law
1420 Rocky Ridge Drive, Suite 120
Roseville, California 95661
Telephone: (916) 797-4300
Facsimile: (916) 797-7404

Attorneys for Cross-Defendant
SNAG PROOF MANUFACTURING, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of LONNIE EVERETT OWEN, SR.,<br><br>Plaintiff in Limitation,<br><br>RICHARD HEDRICK, JOHNATHAN HEDRICK (minor), KATHLEEN HEDRICK, CHARLES McDERMOTT, COLETTE McDERMOTT, MARY McDERMOTT (minor), JASON McEWAN, SABRINA MOSS,<br><br>Cross-Plaintiffs,<br><br>v.<br><br>WESTERN OUTDOOR NEWS, INDIVIDUALLY AND DBA WON BASS, GENE BUCCHOLZ, SNAG PROOF MANUFACTURING, INC., RUSSO'S MARINA, INC.,<br><br>Cross-Defendants | **CASE NO.: 2:11-CV-00196-JAM-GGH**<br><br>**ORDER AFTER HEARING GRANTING DEFENDANT SNAG PROOF MANUFACTURING INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>**DATE:** February 20, 2013<br>**TIME:** 9:30 a.m.<br>**DEPT:** 6<br>**TRIAL:** May 6, 2013<br><br>**Hon. John A. Mendez** |

The motion of Defendant Snag Proof, Manufacturing, Inc. ("Snag Proof") for summary judgment or alternatively summary adjudication came on regularly for hearing on February 20, 2013 in Courtroom 6, the Honorable John A. Mendez presiding. The motion of Defendant Snag Proof, Manufacturing, Inc. ("Snag Proof") for summary judgment came on regularly for hearing on February 20, 2013 in Courtroom 6, the Honorable John A. Mendez presiding. Melissa L.

- 1 -
**[Proposed] Order**

McDonald of Knudtson & Nutter LLP appeared for moving party Snag Proof.  Arnold I. Berschler of The Law Offices of Arnold Berschler appeared for responding parties Cross-plaintiffs Richard Hedrick, Kathleen Hedrick, Jonathon Hedrick through his guardian ad litem Richard Hedrick, Charles McDermott, Collette McDermott, Mary McDermott, Jason McEwan and Sabrina Moss.

After full consideration of the evidence, the separate statements of undisputed material facts and memorandum of points and authorities submitted by each party, as well as the oral argument presented, this Court finds as follows:

1. The Court has jurisdiction over the matter under 28 U.S.C. §1333 because it is an admiralty case.  When deciding an admiralty case, the court may rely on federal statutory and case law, as well as state law to the extent state law is not in conflict with federal maritime law.

2. The publications attached as Exhibit 1 to the Declaration of Arnold Berschler are inadmissible hearsay.  There are no applicable exceptions to the hearsay rule under the Federal Rules of Evidence.

3. This action arises out of a collision between a vessel operated by petitioner Lonnie Owen and a vessel operated by Cross-plaintiff Charles McDermott and in which the other Cross-plaintiffs were passengers.  The collision occurred on August 1, 2009.  At the time of the collision, Lonnie Owen was participating in a bass fishing tournament sponsored by Cross-defendant Snag Proof Manufacturing, Inc.

4. There were no undisputed facts raised in Cross-plaintiffs' opposition to Snag Proof's motion for summary judgment, as a matter of law.

5. Cross-plaintiffs failed to respond to lack of evidence that Snag Proof knew of should have known that by failing to disseminate safety rules an accident was foreseeable.

6. Cross-plaintiffs did not produce any evidence that Snag Proof had any power to control the contestants once they left the staging area.   Thus, there is no evidence that Snag Proof owed Cross-Plaintiffs a duty of care.

7. In support of support of their opposition, Cross-plaintiffs' sited to the state case <u>Weirum v RKO General, Inc.</u> (1975) 15 Cal.3d 40 ("<u>Weirum</u>").  The Court finds that <u>Weirum</u> is

distinguishable from this case and not persuasive, as the defendant in the <u>Weirum</u> case actively participated and encouraged the reckless teenage driving that resulted in a fatal vehicle collision. Here, there is no evidence that Snag Proof actively encourage participants to speed during the tournament. Indeed, there is no evidence that petitioner Lonnie Owen operated his boat any faster on the day of the collision than on any other day.

8. Because the Court holds Snag Proof did not owe a duty to cross plaintiffs, it does not need to reach the issue of proximate cause. Nonetheless, the court found <u>Horn v. B.A.S.S dba B.A.S.S. National Federation Inc., et al.</u> (8th Cir 1996) 92 F.3d 609 ("<u>Horn</u>") instructive and worthy of comment on the issue. Like the plaintiff in <u>Horn</u>, Cross-plaintiffs did not establish a causal connection between the speed of the boat that collided with theirs and the breach of any duty allegedly owed by Snag Proof. Cross-Plaintiffs did not offer any admissible evidence that Mr. Owen's speed on the day of the collision was related to the absence of any safety meeting or instructions. To the contrary, Mr. Owen testified he did not operate his boat faster during the subject tournament than on other days.

9. Since there is no evidence that Snag Proof engaged in any negligent conduct, the Cross-Plaintiffs' punitive damage claim also fails.

For the reasons set forth above, the court GRANTS the motion for summary judgment filed by Snag Proof.

IT IS SO ORDERED.

DATED: 3/11/2013

/s/ John A. Mendez
HONORABLE JOHN A. MENDEZ
U.S. District Court Judge, Eastern District